IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JAMES R. TURNER, | ) |
| Plaintiff, | ) 2:17-CV-00602-CRE |
| vs. | ) |
| RYAN PUDIK, DETECTIVE CAPTAIN, CITY OF ALIQUIPPA POLICE DEPARTMENT; | ) |
| Defendant, | ) |

**MEMORANDUM OPINION[1]**

Cynthia R. Eddy, United States Magistrate Judge

**I.      INTRODUCTION**

Presently before the Court is a Motion to Dismiss Plaintiff's Complaint filed by defendant Ryan Pudik ("Defendant" or "Pudik") pursuant to Federal Rule of Civil Procedure 12(b)(6) with a brief in support (ECF Nos. 20 and 21). Plaintiff filed a response in opposition (ECF No. 28), to which Defendant filed a reply. (ECF No. 31). For the reasons that follow, Defendant's Motion to Dismiss will be granted, and Plaintiff's Complaint will be dismissed without prejudice.

**II.     BACKGROUND**

On August 15, 2014, Pudik, who was employed as a detective with the Aliquippa Police Department, conducted an interrogation of Plaintiff in connection with a homicide investigation. (ECF No. 7, ¶¶ 4, 10). Plaintiff alleges that he drank beer and malt liquor and took four prescribed Xanax pills prior to the interrogation. *Id.* ¶10. The interrogation was audio-taped, but not video-taped. *Id.*

---

[1]      All parties have consented to jurisdiction by the undersigned Magistrate Judge. *See* 28 U.S.C. § 636, et seq.; Consent to Trial/Jurisdiction by United States Magistrate Judge (ECF Nos. 26 and 30).

1

On August 16, 2014, Plaintiff was arrested on a charge of criminal homicide. (ECF No. 7, ¶ 9). While in custody, Plaintiff was taken to a hospital where certain evidence was collected from his person, including two vials of blood for laboratory analysis. *Id.*

Plaintiff moved to suppress the audio tape of the interrogation on the basis that his statements were not knowing and voluntary because he was intoxicated. (ECF No. 7, ¶ 11). At a hearing held on June 22, 2015, Plaintiff argued that the two vials of blood had been destroyed while in the Commonwealth's possession, thus he was unable to prove that he was intoxicated during the interrogation. *Id.* ¶ 12. A representative of the State Police Crime Laboratory testified that Plaintiff's blood samples were received on September 12, 2014, tested on September 17, 2014, and destroyed on November 24, 2014. *Id.* ¶ 13. The representative further testified that the blood samples could have been retained if the parties had requested the crime lab to do so. *Id.*

At Plaintiff's trial, Pudik allegedly "admitted to allowing" the blood samples to be destroyed. (ECF No. 7, ¶ 14). According to Plaintiff, the destruction of the blood samples left him with "no chance of presenting evidence" that he was intoxicated during the police interrogation. *Id.* The audio tape of the interrogation was used at trial to incriminate Plaintiff and he was convicted of third-degree murder. (*Id.* ¶ 16; ECF No. 20, Ex. 1 at 3). Plaintiff currently is serving a minimum 20-year term of imprisonment at the State Correctional Institution in Somerset, Pennsylvania. (ECF No. 7, ¶ 3; ECF No. 20, Ex. 1 at 3).

On June 5, 2017, Plaintiff filed a *pro se* Complaint with this Court asserting a claim under 42 U.S.C. § 1983 based on Pudik's alleged failure to preserve the blood sample evidence which he claims was favorable to him, in violation of his due process rights under the Fifth and Fourteenth Amendments. (ECF No. 7, ¶ 17). As a result of Pudik's action, Plaintiff alleges that he has suffered emotional distress and irreparable damage and has lost his right to liberty and the ability

2

to prosper. *Id.* ¶ 19. Plaintiff seeks declaratory relief and an award of compensatory damages in the amount of $300,000. *Id.* ¶¶ 18, 19. Pudik moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. (ECF No. 20).

## III. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the well-pleaded factual content in the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and also "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). When analyzing a motion to dismiss, the factual allegations should be separated from allegations that merely recite the legal elements of the claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The well-pleaded facts are accepted as true, but legal conclusions may be disregarded. *Id.* at 210-11. Next, a determination is made as to "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Moreover, because Plaintiff is proceeding *pro se*, the Court will liberally construe his Complaint and employ less stringent standards than when judging the work product of an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## IV. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States, which was committed by a person acting under color of state law. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff alleges that Pudik violated his due process rights by failing to preserve the blood sample evidence, which he contends was favorable to him because it could have been used to show that he was intoxicated when he was interrogated by the police.

According to Pudik, Plaintiff's claim that exculpatory evidence was destroyed implicates his constitutional right to a fair trial and implies the invalidity of his conviction. (ECF No. 20, ¶ 6). Therefore, Pudik argues that Plaintiff's § 1983 claim is barred by the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994), and must be dismissed. *Id.* ¶¶ 7-9.

In *Heck*, the petitioner was convicted in Indiana state court of voluntary manslaughter for killing his wife. While incarcerated on that conviction, the petitioner filed suit in federal court under 42 U.S.C. § 1983, naming as defendants two prosecutors and an investigator with the state police. The petitioner alleged that the prosecutors and the investigator engaged in an arbitrary investigation which led to his arrest and they knowingly destroyed exculpatory evidence that could have proven his innocence. The complaint sought compensatory and punitive damages.

The Supreme Court held that a prisoner does not have a cognizable § 1983 claim for alleged unconstitutional conduct that would render his underlying conviction or sentence invalid unless that conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. As the Court emphasized, "the hoary principle that civil tort actions are not appropriate vehicles for challenging

the validity of outstanding criminal judgments applies to § 1983 damages actions." *Id.* at 486. To determine whether a § 1983 claim should be dismissed as an impermissible attack on an underlying conviction or sentence,

> [a] district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 487.

Here, Plaintiff is a state prisoner seeking declaratory relief and money damages in a § 1983 suit because a detective who investigated his case allegedly did not preserve blood samples, which he claims could have been used to show that he was intoxicated when he was interrogated, and thus his statements were not knowing and voluntary. The Court of Appeals for the Third Circuit has authored two non-precedential opinions which provide guidance that *Heck* bars § 1983 claims premised on the destruction of exculpatory evidence because such claims would necessarily imply the invalidity of a prisoner's conviction. *See Miller v. Commonwealth of Pennsylvania*, 588 F. App'x 96, 97 (3d Cir. 2014) (state prisoner's § 1983 claim concerning an alleged failure to preserve exculpatory evidence that could have proven his innocence was barred by *Heck*); *Spuck v. Clearfield Co., Pennsylvania*, 540 F. App'x 73, 74-75 (3d Cir. 2013) (§ 1983 claims related to alleged destruction or refusal to turn over exculpatory evidence necessarily implied invalidity of state conviction and were barred by *Heck*). In *Miller*, the Court of Appeals rejected the plaintiff's argument that his complaint was outside *Heck's* purview because he was not questioning the validity of his conviction, but rather the destruction of exculpatory evidence. The Court of Appeals found that the plaintiff's argument in *Miller* was indistinguishable from *Heck*, where the

5

complainant argued that two prosecutors and an investigator knowingly destroyed evidence that could have proven his innocence. *Miller*, 588 F. App'x at 97. As the Court of Appeals explained, "such an argument necessarily implied the invalidity of [the prisoner's] conviction." *Id.* (citing *Heck*, 512 U.S. at 490).

As in *Heck*, *Miller* and *Spuck*, a judgment in favor of Plaintiff on his argument that exculpatory evidence was destroyed would necessarily imply the invalidity of his state court conviction.[2] Thus, in order to proceed with his § 1983 claim, Plaintiff must demonstrate that his conviction has already been invalidated. *See Heck,* 512 U.S. at 487. Plaintiff has not alleged that his conviction has been reversed, expunged, invalidated or called into question by the issuance of a writ of habeas corpus. *See id.* Consequently, Plaintiff's claim is not cognizable under § 1983, and his Complaint must be dismissed.[3]

---

2  Plaintiff relies on *Wilkinson v. Dotson*, 544 U.S. 74 (2005), and *Grier v. Klem*, 591 F.3d 672 (3d Cir. 2010), in arguing that *Heck* does not bar his § 1983 claim. Plaintiff's reliance on *Dotson* and *Grier* is misplaced. In *Dotson*, state prisoners challenged the constitutionality of administrative decisions denying them parole eligibility. The Supreme Court held that they could bring § 1983 claims to request new parole hearings because they were not seeking immediate or speedier release and "a favorable judgment [would] not necessarily imply the invalidity of [their] conviction[s] or sentence[s]." *Dotson*, 544 U.S. at 82 (internal quotation and citation omitted). In *Grier*, a state prisoner who was convicted of rape brought a § 1983 action alleging that his procedural due process rights were violated because he was refused access to rape kits for DNA testing. The Court of Appeals for the Third Circuit held that a party can use a § 1983 claim to request access to evidence for post-conviction DNA testing, but emphasized this holding is narrow. *Grier*, 591 F.3d at 678, 679. Plaintiff's § 1983 claim here is unlike the challenge to the administrative decisions at issue in *Dotson* or the request for access to evidence for post-conviction DNA testing in *Grier*. A judgment in favor of Plaintiff on his argument that the blood sample evidence which was destroyed could have been used to show he was intoxicated, and thus his statements were involuntary, would necessarily imply the invalidity of his conviction.

3  In *Heck*, the plaintiff sought money damages whereas, here, Plaintiff seeks both declaratory relief and money damages. Courts have held that regardless of the relief sought in a § 1983 suit, *Heck* bars the suit if success by the plaintiff would necessarily imply the invalidity of a criminal conviction. *See Jennings v. Machen*, Civil Action No. 2:13-cv-796, 2013 WL 5745611, at *4, n.3 (W.D. Pa. Oct. 23, 2013) (collecting decisions).

"[W]hen a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice." *Brown v. City of Philadelphia*, 339 F. App'x 143, 145-46 (3d Cir. 2009) (quoting *Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) ("If [a prisoner] is later successful in overturning his conviction, he should be allowed to bring his § 1983 action at that time.")); *see Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (collecting decisions where courts found that dismissal on *Heck* grounds should be without prejudice). Consistent with this authority, Plaintiff's Complaint will be dismissed without prejudice, in the event that his conviction is ever reversed, expunged, invalidated or called into question by a habeas proceeding. However, the Court will not permit Plaintiff to amend his Complaint because amendment would be futile at this time, given that Plaintiff has not successfully challenged his state court conviction. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (when a deficient complaint is dismissed, the court must permit a curative amendment, unless it would be futile).

**V. CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiff's § 1983 claim is barred by *Heck v. Humphrey*, thus Defendant's Motion to Dismiss Plaintiff's Complaint is granted.

An appropriate Order follows.

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Date: November 16, 2017

cc: James R. Turner

    Suzanne B. Merrick, Esq.
    Thomas, Thomas & Hafer LLP
    525 William Penn Place
    37th Floor; Suite 3750
    Pittsburgh, PA 15219